4

LAW OFFICES OF MARY ELLEN TERRANELLA
Mary Ellen Terranella - State Bar No. 99272
1652 W. Texas Street, Suite 222
Fairfield, California 94533
(707) 428-1778
Facsimile (707) 446-6777
Attorney for Debtor

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA
### Sacramento Division

In the matter of

| | |
|---|---|
| JOSEPH W. BINGAMAN<br>KATRINA L. CALONICO-BINGAMAN<br>Debtor | Case No. 12-34242-B-13J<br><br>Chapter 13<br><br>Docket Control No. MET-3<br><br>**MOTION TO**<br>**CONFIRM PLAN**<br><br>Date:   June 25, 2013<br>Time:  9:32 A.M.<br>Courtroom:   32, 6th Floor<br>Judge: Thomas C. Holman |

Debtors, Joseph W. Bingaman and Katrina L. Calonico-Bingaman, by and through their attorney, Mary Ellen Terranella, hereby move the court to confirm the Chapter 13 Plan, and in support thereof allege as follows.

1. Debtors filed this voluntary Chapter 13 case on August 1, 2012 and filed therewith a plan proposing to pay $390.00 per month for 60 months, so as to pay 0% to allowed unsecured creditors. Jan P. Johnson has been duly appointed to serve as the Chapter 13 Trustee in this case.

2. Pursuant to Title 11, U.S. Code section 341, a Meeting of Creditors was conducted by the Chapter 13 Trustee on September 6, 2012. The debtors appeared at the meeting of creditors, which was concluded.

3. The Debtors have no Domestic Support Obligations, as defined.

4. Pursuant to 11 U.S. Code section 1308, the Debtors have filed all applicable Federal State and local tax returns required of them.

5. The Debtors have paid any fee, charge, or amount required under Chapter 123 of Title 28, or by the plan, to be paid before confirmation.

6. The Debtors have made all plan payments required of them pursuant to the attached amended plan, to date.

7. The Debtors' plan has been proposed in good faith and not by any means forbidden by law, as evidenced by Debtors committing all of their disposable income into the plan.

8. The Debtors have filed their plan in a good faith effort to pay secured debt. Debtors have chosen to file for Chapter 13 bankruptcy to help them reorganize their debts and to discharge debts they cannot afford to repay. Although the debtors hoped to retain a rental property and strip off a second mortgage on that property, the lien holder of the second mortgage objected to the motion to value collateral, and debtors have decided to surrender the rental. The amended plan provides for the surrender of the property located at 1291 Needham Drive, Vacaville, California.

The Chapter 13 Trustee objected to debtors' first amended plan, claiming it did not provide for the secured arrears claim filed by Bank of America on debtors' residence, located at 176 Ramsey Drive, Vacaville, California. Although debtors believed the arrears claim consisted of the August 2012 payment, and their plan was filed on August 1, 2012, suggesting one payment may actually have been a post petition, not pre-petition payment, they were able to send certified funds in the amount of the arrearage claim, $2,611.78 to Bank of America via its counsel, Miles, Bauer, Bergstrom and Winters, LLP. However, this arrearage claim was not specifically provided for in debtors' amended plan, and the objection was sustained.

Debtors' second amended plan provides for the arrears payment as a Class 2 claim. After the hearing on debtors' motion to confirm their first amended plan, which was heard on April 23,

2013, debtors' counsel received back from counsel for Bank of America the $2,611.78, with a letter indicating it could not accept the funds (see attached copy of letter from Miles Bauer Bergstrom and winters, LLP, Exhibit A). Debtors assume counsel for Bank of America wants the funds to be paid by the Chapter 13 Trustee, through the plan. Debtors have provided for that treatment of the arrears claim, and have submitted to the Chapter 13 Trustee certified funds in the amount of $2,611.78. which will be in addition to their regular plan payment of $390.00 for May 2013.

When the debtors learned of the arrears claim referenced in the Trustee's objection back in March 2013, Mr. Bingaman approached his employer to ask for special consideration for overtime work, which he does not normally receive. Mr. Bingaman explained his situation to his employer, and he was able to get the overtime hours he needed to supplement funds he already had to make the extra payment to the Trustee.

9. Debtors have proposed their plan in good faith. The Plan is in the best interests of all concerned. Further, the terms of the plan are not forbidden by any provision of law.

10. The Plan payment represents the best terms that the Debtors can prudently offer to the Court.

11. Debtors believe they will be able to make the payments proposed under the plan. Aside from the one-time extra payment to the Trustee for the arrears claim of Bank of America, the debtors have been making the regularly scheduled plan payment of $390.00 per month since September 2012.

12. The Plan proposes to pay the allowed unsecured creditors an amount not less than what they would have been paid if the estate of the Debtors was liquidated under the provisions of Title 11, U.S. Codes, Chapter 7. As shown on Schedule C, the Debtors have exempted any and all equity in their assets. Unsecured creditors would receive $0 in the event of a Chapter 7 liquidation, and will receive no less through the proposed Chapter 13 plan.

13. The plan proposed by the Debtors provides for secured creditors' retention of liens and the payment of present value of secured claims, or the surrender of collateral, or the avoidance of judgment liens.

14. 11 U.S.C. section 1323 permits a debtor to amend a plan at any time prior to confirmation.

15. Debtors' amended plan meets the requirements set out in 11 U.S.C. sections 1322(a), 1322(b), 1323(c) and 1325(a) for confirmation of a Chapter 13 plan.

16. All creditors have received notice of this motion and the amended plan.

WHEREFORE, debtors pray that the court confirm the Amended Chapter 13 Plan, and for such other and further relief as the court deems just and proper.

Dated: 5/4/13

Mary Ellen Terranella, Attorney for Debtors